The material facts, relied upon by the parties, are disclosed in the opinion of the Court, delivered by
Whitehead, J.
The parties in this suit are the owners of adjoining tracts of land in the county of Sussex; the lessors of the *488 plaintiff being seized of a tract of eight hundred and eighty-four acres, under a warrant from the council of proprietors of West New Jersey ; and the defendant of a tract of one thousand acres, lot No. 54 of the Sussex allotments, surveyed under the authority of the board of proprietors of East Jersey; and both claim to bind on the division line between East and West New Jersey, as run by John Lawrence, in the year 1743. The defendant insists that the western line of the tract, as claimed by him, is the true line actually run by Mr. Lawrence. This the lessors of the plaintiff deny. They insist, that the division line is about twenty two chains east of the line claimed by the defendant; and this action is prosecuted to recover possession of that part of the 1000 acre tract lying between these two lines as claimed by the parties. To determine therefore the question of strict legal title, it was important to ascertain where Mr. Lawrence ran the division line between East and West New Jersey, from the Delaware river to Swartwout’s pond. Upon this part of the case there was a great mass of evidence, derived from the original field book and journal of Mr. Lawrence; from ancient marked trees and other monuments ; from the location of other surveys, under the two several boards of proprietors ; from public reputation ; and from the fact that the line, supposed to have been run by Mr. Lawrence, is the division line between several townships in that county. It is unnecessary to detail this evidence at length. I have examined it with care, and in my opinion the weight of the evidence is so decidedly in favor of the line as claimed by the defendant, that were there no other reason assigned, I think the verdict should on this account be set aside.
The defendant, however, upon the trial, did not rest his entire defence upon the ground of his strict legal title. Failing to prove a- legal right, he then put himself upon his adverse possession and enjoyment of the premises, for more than twenty years. He claims the premises under the last will and testament of bis father-in-law Thomas Armstrong, deceased ; and, on the trial, offered and read in evidence, an. exemplified copy of a deed to Mr. Armstrong, from John Eattoon and others, for the one thousand acre tract, dated May 23rd, 1800, with full covenants of seisin and warranty; having, however, first proved by sundry docu *489 merits and proceedings of the board of proprietors of East Yew Jersey, that the grantor in the said deed had right to the said tract. Whether the deed to Mr. Armstrong conveyed to him a perfectly legal title to the tract is not material, so far as regards this ground of the defence. The defendant insists that he and his father-in-law had enjoyed the peaceable and uninterrupted possession of the premises for more than twenty years, claiming right to the same, if not under a valid paper title, yet under col- or of title by deed.
At the date of the conveyance to Mr. Armstrong, the land was wild and unenclosed, with the exception of two inconsiderable improvements upon it. There was abundant evidence that, very soon after the conveyance, Mr. Armstrong leased the premises and received the rent. He paid the taxes during his lifetime. He cut and sold timber upon various parts of the tract. He sued trespassers. He pastured his cattle there, his tenants having the charge of them. He cleared and improved the land from year to year. And during all this period, running back for thirty or forty years, Mr. Armstrong, in his lifetime, and after his death, the defendant claimed the entire dominion of the premises ; were the reputed owners of the tract; and exercised public and notorious acts of ownership up to the line, as claimed by the defendant, to be the actual line run by Mr. Lawrence.
The plaintiff’s counsel insisted upon the trial, and again upon the argument of the rule in this court, that assuming that the lessors of the plaintiff had succeeded in establishing a strictly legal paper title to the premises in question, they are entitled to recover upon the ground, that the law annexes the possession to the legal right; or in other words, that the legal owner is constructively in possession of the whole tract according to the metes and bounds of his deed. That, to overcome this constructive possession, by a person who has not the rightful title, he must prove that he has had the premises in dispute in his actual occupancy by substantial enclosures, or under cultivation or improvement, for the full period of twenty years; and that in this respect, there is no distinction, recognized in this state, between a mere naked possessor, and the possession of a person claiming under *490 color of title by deed. The judge at the circuit so charged the jury, and in this he erred.
Although this question has been so often raised at the circuit yet I cannot learn that it has ever received a direct adjudication by this court. The judges have entertained and expressed different opinions at the circuits, and hence the different views entertained by the bar in relation to it. The decisions of the courts of other States of the Union, and of the Supreme court of the United States, upon this question, are entitled to consideration ; as it will be found, that the statute of limitations, upon which their decisions are based, as well as the statute of this State, except with regard to the different periods of limitation, have generally been framed from 21 James I.
After a careful examination of the decisions' upon this subject, I ain satisfied that a distinction should be made between a mere naked possession under claim of title without deed, and a possession under color of title by deed; although the deed may not be valid in law. The decisions are uniform, and are founded upon the plainest principles of common honesty, that where a party claims right to land, by virtue of his adverse possession without deed, or any paper title, he is restricted to so much as he and those under whom he claims have had in their actual possession, (by substantial enclosures, or under cultivation,) for the full period of twenty years. His possession, in the first place, being wrongful and without the pretence of right, he can claim nothing by construction; because a constructive possessiou, it appears to me, only accompanies the right. If the law wrere otherwise, then a squatter upon the land of a non-resident owner, after clearing one or two acres, and supporting his family by depredations upon the whole tract, might, by construction, claim title to all the land over which he had roamed for twenty years, cutting timber in various places as his convenience or supposed necessities might have required. The difficulty lies in defining what shall constitute an adverse- possession under color of title by deed. It is upon this part of the case that courts differ. The Supreme Court of the United States and the courts of some of the States have decided, that an entry into possession under a deed containing specific metes and bounds, and an actual resi *491 donee on a small part, give a constructive possession of the whole tract, if not in the actual possession of another; although there may be no fence or enclosure around the tract. While, by the decisions of other courts, the party although claiming by deed is restricted.to his actual occupancy by substantial enclosures.
It appears to me, that we cannot carry out this doctrine of constructive possession, without becoming involved in serious difficulties. There is always connected with an adverse possession the idea of wrong in the first place ; it being an invasion of another’s right. Whenever a party relies upon an adverse possession for his right to land, he impliedly admits that the strictly legal right is in another; and that this legal right has been wrongfully invaded, more than twenty years before action brought. And this idea of wrong is associated with every adverse possession in the first place, whether under color of deed or not. For it is a settled principle of law, that two persons cannot be severally seized in fee at the same time, of the same tract of land. If the title of one is good, that of the other is bad. Yow if the one claiming under a defective paper title, however honest he may be, takes possession of a part of the land claiming it as his own, he does a wrong to him who has the legal title. It is an invasion of his right of possession. Is it right that this wrongful possession should be extended by construction, to the metes and bounds of the defective paper title, to the prejudice of him who has the legal right ? I think not. There should be other evidence than a mere residence on, or enclosure, or cultivation of a small part. There should be proof of acts of ownership, or such acts and conduct, over the unenclosed part, as might fairly be considered evidence of an intention to assert an ownership and possession.
There is another difficulty connected with this idea of constructive possession, involving the absurdity of two persons being, at the same time, by construction of law, in possession of the same laud. This must always be the case when this claim under a defective paper title, comes in conflict with the rights of the legal owner. To illustrate my meaning. When a person acquires a good and valid title to a tract of land, wild, uncultivated and unoccupied, he is, by construction of law, in possession of *492 the whole tract. His^ right to it is complete: the title and possession are in him. Although not actually in possession of any part, he is constructively in possession of the whole. Suppose another person, claiming title to the same land, say a tract of 1000 acres, under a deed which is not valid in law, but which he believes conveys to him a good title, takes possession of a part of the tract, say ten acres, and resides on and improves it. He is i here in the actual occupancy of a part, with a paper title for the whole tract; and upon the principle of some of the decisions, he must be, by construction of law, in possession of the whole. That is to say, he is in the actual occupation • of ten acres and constructively in possession of nine hundred and ninety acres. But this cannot be, because the legal owner, by virtue of this valid title, is constructively in possession of the whole tract, except the ten acres which are in the actual adverse possession of the other ; unless we suppose the legal owner, and the person claiming under the defective title, to be both constructively in possession of the nine hundred and ninety acres, which in truth are not in the actual possession of either. But this, as I have said, cannot be. Two persons under conflicting titles cannot be, in construction of law, in the possession of the same land at the same time. The legal title draws to it the constructive possession.
I do not think that a person, claiming right to land by virtue of his adverse possession under color of title by deed, should be restricted to so much only, as he and those under whom he claims have had in actual occupancy by substantial enclosures, or under cultivation; provided he has, for the requisite period of time, exercised such acts of ownership over the other parts of the land as are calculated to assert to the world a claim of right, or as will amount to actual possession. Whether these acts of ownership, or the conduct of the party, will be evidence of actual possession will depend upon the character of the-land. We cannot expect the same evidence of occupancy of woodland as of a cultivated farm. Certain acts and conduct would be evidence of possession in the one case and not in the other. The question will always be, whether the use. or occupancy is consistent with the character of the land. If a person, under color of title, enters upon a tract of woodland, and from time to time cuts and *493 sells wood, and timber thereon, or does other acts of ownership consistent with the character of the land, it must be regarded as evidence of an intention to assert an ownership and possession of the tract; and if these acts are continued for the period of twenty years, he is protected by his adverse possession against the claim of the legal owner.
When, however, the deed relied upon, as giving color of title, has been obtained by fraud or forgery; or when the grantor had no title, and this is known to the grantee who sets up and relies upon his adverse possession under it; in these and the like cases the deed will avail the party nothing. A party, who sets up an adverse possession under color of title, must act bona fide, or in other words he must be honest. He must believe his deed to be valid in law and that it conveys to him a good title to the land, although it may turn out- that another person has a better title.
The evidence in this case is abundant, that Mr. Armstrong entered under his deed from John Ratoon and others ; and all his subsequent acts for nearly thirty years were such as to assert an ownership and possession.
The jury should have been instructed by the judge, that assuming the lessors of the plaintiff have established a strictly legal title to the premises in question, yet that the entry of Mr. Armstrong under color of title, and the visible and notorious acts of ownership exercised by him in his life-time, and by the defendant after his death, all in perfect consistency with the character of the land, were evidence of actual occupancy and possession, sufficient to overcome the constructive possession which follows the legal title: and if these acts of ownership had been continued for a period of twenty years, this adverse possession afforded the defendant a legal protection against the plaintiffs claim.
Yew trial granted ; costs to abide the event of the suit.
Cited in Cornelius & Empson v. Giberson, 1 Dutch. 36; Cobb v. Davenport, 3 Vr. 385.